Brown v. Corrigan.

---

T. L. BROWN, *Appellant*, v. T. J. CORRIGAN, *Appellee*.
No. 16,869.

SYLLABUS BY THE COURT.

1. DRAINAGE DITCHES—*Variance in Location of Starting Point— Petition—Jurisdiction.* In establishing a drainage ditch under the provisions of sections 2984-2999 of the General Statutes of 1909, the location of the starting point 250 feet from the place designated in the petition, the ditch being two miles in length, is not such a departure as to deprive the commissioners of jurisdiction.

2. ―――― *Establishment—Contest by Landowner—Notice—Subsequent Proceedings.* A landowner who appears before the commissioners, in pursuance to a notice to contest the establishment of a ditch under the act above referred to, and participates in various hearings upon the petition is chargeable with notice of any step thereafter taken by the commissioners in the proceedings which they had authority to take.

3. ―――― *Beneficial Purposes — Contiguous Lands — Standing Water.* The statute referred to provides that drainage ditches may be established when conducive to the public health, convenience or welfare. Lands may be benefited by such a ditch if it drains contiguous lands of offensive standing water injurious thereto.

Appeal from Cowley district court. Opinion filed June 10, 1911. Affirmed.

*L. C. Brown,* and *C. T. Atkinson,* for the appellant.
*O. P. Fuller,* for the appellee.

3—85 KAN.

The opinion of the court was delivered by

BENSON, J.: On February 5, 1906, a petition was filed with a county clerk to establish a ditch under the drainage act of 1886. (Laws 1886, ch. 161, §§ 1-16, Gen. Stat. 1909, §§ 2984-2999.) The starting point for the proposed ditch as petitioned for was in a public road running east and west on the south boundary of the appellant's land and in that boundary. From that point the route was specified by east and southeast courses for about two miles to the terminus. Proper notices were given to the appellant and other land-owners as required by law for a hearing before the county commissioners, and the appellant appeared accordingly. After considering the matter at that time and at various adjourned meetings, at some of which the appellant was present and represented by attorney, the commissioners finally, on February 12, 1907, granted the petition and entered an order upon their journal establishing the ditch upon a route substantially conforming to the one designated in the petition. While the proceeding was pending the commissioners, after calling to their assistance the county surveyor, fixed the starting point 250 feet north of the place designated in the petition, and located the ditch and caused the route thereof for this 250 feet on the appellant's land to be marked by stakes set in the ground, which stakes the appellant observed in the fall or early in the winter preceding the final order. No formal notice was given to him that the initial point named in the petition was to be changed.

The appellant appealed from the order establishing the ditch to the probate court, as provided in section 2990 of the General Statutes of 1909. Pending the hearing upon that appeal proceedings were instituted in the district court to prohibit such hearing, and a judgment of prohibition was entered, which upon appeal to this court was reversed. (*Shreves v. Gibson,*

76 Kan. 709.) Thereupon the matter was heard before the probate judge and freeholders summoned by him as provided in the statute, resulting in practically the same order as that made by the commissioners. From this order the appellant appealed to the district court, but only upon the taxation of costs against him in that proceeding. That appeal was dismissed. The order of the commissioners and of the probate judge divided the proposed ditch into sections, one being upon the appellant's land, properly designated in the record, with the time when the work thereon should be done. This time having expired the probate judge, after due notice to the appellant, proceeded to and did sell the work thereon, as provided in section 2994 of the General Statutes of 1909, to the appellee, who thereupon proceeded with the work until he was interrupted by a temporary injunction granted in this action, which was commenced to prevent the opening of the ditch on the appellant's land.

The principal contention of the appellant, briefly stated, is that the county commissioners had no jurisdiction to lay off or open the ditch on his land because of the change in the starting point. The appellant having appeared before the commissioners and contested the proceedings, they doubtless had jurisdiction, proper notice having been given, and this jurisdiction was not lost if the ditch was established substantially upon the route described in the petition. (Gen. Stat. 1909, § 2987.) It was held in *Bonnewell v. Lowe,* 80 Kan. 769:

"It is not necessary that the termini and route of the ditch as constructed shall correspond exactly with the description in the petition. A considerable variation in this respect is not ground for declaring the proceedings void when collaterally attacked." (Syl. ¶ 2.)

The statute requires only a substantial description of such starting point, and a variation by which 250 feet is added to the length of a ditch two miles long is

not a substantial departure, especially when as in this case it is still upon land of the same owner. The departure in the case cited was apparently greater than in this instance, and that decision is controlling here. It must therefore be held that the commissioners had authority to fix the starting point as they did.

The appellant contends that he was precluded from presenting a claim for damages which he would have made had he known that the ditch was to be constructed upon his land. The statute provides that a claim for damages shall be presented on or before the day fixed for the hearing, but provides further that if the ditch "shall pass through tracts of land not described or contemplated by the petition . . . the owner of such lands may make his application . . . at any time before the order of the county commissioners establishing and locating such ditch is entered upon the county record." (Gen. Stat. 1909, § 2986.) The appellant's land was described in the petition, and the point of commencement, although upon the line of a public highway, was still upon his land for the fee was still in him. Conceding, however, that because it did not appear from the petition that any of his land except that within the highway was to be taken, and that the ditch should therefore be considered as passing through lands not described in the petition, then clearly he had ample opportunity to present his claim after the commissioners and the surveyor had laid off and marked the route upon his own land, of which fact he had personal knowledge. Besides this the appellant was an active party to the proceedings, which were in progress for nearly a year. He was bound to take notice of any step taken therein by the commissioners after they acquired jurisdiction in the first instance that they were authorized by law to take afterward. One of these steps, necessarily incidental to the power delegated to them, was to determine the starting point, which, as we have seen, was not required to corre-

Brown v. Corrigan.

spond exactly with the description in the petition.
(*Bonnewell v. Lowe,* 80 Kan. 769.)

The appellant alleged that his land was sufficiently
drained by its natural formation, and that the ditch
was therefore of no benefit thereto. The statute pro-
vides that such ditches may be established when con-
ducive to the public health, convenience and welfare.
(Gen. Stat. 1909, § 2984.) By draining contiguous land
injuries to the appellant's land from the accumulation
of offensive standing water or otherwise may have
been avoided or removed to the great benefit of the
appellant, and the question of all resulting benefits
was submitted to the proper local tribunals. The de-
cisions of such commissioners can not be set aside in a
collateral action unless they act oppressively and fraud-
ulently (*Roby v. Drainage District,* 77 Kan. 754), and
there was no charge of fraud or oppression in this
case. If, however, it should be held that the question
of possible benefits was still open to a retrial in this
action, the evidence offered by the appellant fell far
short of that conclusive proof necessary to meet the
requirement in such a situation (*Coates v. Nugent,* 76
Kan. 556), and the general finding of the district court
must, in any event, be sustained.

The appellant also complains because the probate
judge in person received the bid and sold the work upon
his section of the ditch, instead of calling upon the
sheriff to do so. The statute does not devolve this duty
upon the sheriff and does not say who shall perform it.
It declares, however, that the probate judge (when an
appeal has been taken) shall give the notice for such
sale, take security for the faithful performance of the
work, and make a record of the proceedings. The ap-
pellant cites the statute (Laws 1869, ch. 38, § 1, Gen.
Stat. 1909, § 2477) requiring that all writs, orders and
process of the probate court shall be issued to the
sheriff, but this statute has no application here. This
was not a judicial proceeding of the probate court, but

in effect that of a commission created by statute for the purpose of such review, as decided in *Shreves v. Gibson,* 76 Kan. 709. In the absence of any statutory restriction no good reason appears why the probate judge might not conduct the sale in person as well as supervise it.

It is suggested that after the dissolution of the injunction the ditch was fully constructed and was open and in use when this appeal was heard in this court, and for that reason it should be dismissed. This question, as also the question whether the appeals taken before this action was commenced operated as waivers of the appellant's claims in this action, are not considered. Regardless of these matters the appellant's contentions can not be sustained.

The judgment is affirmed.